J. S. WATERMAN & Co., INC., Plaintiff and Appellee, v. MÉNDEZ HNOS., & Co., ETC., Defendant and Appellant.

No. 5219. Argued November 19, 1930.—Decided May 20, 1931.

*González Fagundo & González, Jr.* for appellant. *Besosa & Besosa* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

J. S. Waterman & Co., Inc., brought an action in the District Court of Humacao against Méndez Hermanos & Co.,

a commercial partnership and alleged, among other facts, that on or about February 13, 1927, the plaintiff and the defendant entered into an agreement, which is transcribed in the complaint, whereby the plaintiff sold to the defendant 500 pockets of rice, type No. 252, c. i. f. San Juan, a shipment of 250 pockets on January 27, and 250 more by the first steamer in February, it being stipulated that the sales were subject to the contract for Puerto Rico of the Rice Millers Association; that the merchandise was sold for the account and at the risk of the purchaser from its delivery to the original carrier or steamship company, and other particulars. There are also transcribed the terms of the said contract of the Rice Millers Association, including one to the effect that the purchaser shall be entitled to inspect the merchandise on arrival within the three working days following its unloading from the steamer, and the failure to inspect within the said period shall be ground for forfeiture of the right to make claim. Another stipulation is that if any difference should arise from the said inspection, it shall be submitted to the arbitration of the Chamber of Commerce of Puerto Rico. It was alleged that "the said rice, under the terms of the aforesaid contract of sale, was shipped as follows: 250 pockets on January 27, 1927, by S.S. 'Ozama,' and 250 pockets on February 4, 1927, by S.S. 'Isabela' "; that the plaintiff, in accordance with the contract, drew on the defendant by means of two drafts which are transcribed and were presented to the defendant who, without any cause, refused to pay them; that the case was submitted to arbitration and decided by the Chamber of Commerce in favor of the plaintiff, and that the defendant refuses to comply with the award.

The defendant demurred to the complaint on the ground of insufficiency, and the demurrer was overruled. The defendant then answered and substantially alleged that the rice shipped by the plaintiff was unfit for human consumption, for which it had been bought, and for this reason the defendant refused to accept it and to pay for it.

The case was tried by the court, which rendered judgment for the plaintiff.

The defendant appealed and assigned as error the overruling of its demurrer to the complaint.

Really, the copying of the original agreement and of the standard terms of the Rice Millers Association is not of itself sufficient to set up the necessary allegation in the case.

It is stated in the contract that the merchandise remains for the account and at the risk of the purchaser from its delivery to the first carrier or steamship company. We will not discuss now, as being unnecessary, whether this condition covers the alleged delivery to the purchaser, since it is rather obscure. But, conceding that the delivery is thus covered, we find that the plaintiff alleges that its contract is subject to the standard terms of the Rice Miller Association, among which there is one stating that the purchaser is granted three days from the unloading of the merchandise within which to inspect the same and make any claim. Whatever the effect of the printed clause, that the merchandise remains for the account and at the risk of the purchaser from its delivery to the carrier, there is no doubt that such an effect is restricted to a great extent by the clause permitting the inspection and the resulting claim. If such right exists, it is not sufficient to allege that the rice was shipped at a specified time. It would be necessary to allege that it arrived; that the purchaser had it at his disposal for inspection; that he inspected it, and did not complain, or that he failed to do so within the period of three days after the merchandise had been unloaded from the steamer. If the complaint does not contain any averments in regard to the above particulars, it fails to state facts sufficient to constitute a cause of action.

The demurrer was erroneously overruled.

The judgment appealed from must be reversed and the case remanded to the district court for further proceedings.